IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00182-GPG

JOHN MICHAEL BROADUS,

     Plaintiff,

v.

GRIEVANCE OFFICER ANTHONY A. DECESARO,
ASSOCIATE WARDEN CHAPDELAINE,
CHP, Clinical Health Provider,
LIEUTENANT GILES,
RAYMOND HIGGINS,
ROBERT KEISEL,
LIEUTENANT EVA LITTLE,
LIEUTENANT LUYANDO,
DENNY OWENS,
JAMIE SOUCIE,
LIEUTENANT SWINGLE,
SERGEANT THODE,
JAMEY VANMETER, and
MAJOR KENNETH WILDENSTEIN,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, John Michael Broadus, is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.

Broadus has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. §

1983 claiming his rights under the United States Constitution have been violated.  He

seeks damages and declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Broadus is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Broadus will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Broadus asserts five claims for relief in the Prisoner Complaint.  He first claims that he has been subjected to cruel and unusual punishment when he was denied adequate medical care from March 5, 2014 to present for an injury to his right

knee.  Mr. Broadus does not allege specific facts that demonstrate what defendants personally participated in the alleged denial of medical treatment.

Mr. Broadus alleges in his second claim that he was subjected to cruel and unusual punishment when he was denied adequate drinking water and his complaints about dehydration were not properly addressed.  Although not entirely clear, it appears that the claim is being asserted Defendants Owens, Higgins, and DeCesaro solely because they denied his grievances regarding this issue.

Mr. Broadus alleges in this third claim that he was subjected to cruel and unusual punishment because he has been "forced into association with security threat group members" and has been told that his cell mates must be "Crips."  He alleges generally that "CDOC refuses to remove or correct this life threatening and unconstitutional travesty."

Mr. Broadus alleges in his fourth claim that he was subject to excessive force on October 23, 2014, when he was sprayed in the face with a chemical agent and denied the opportunity to decontaminate.

Mr. Broadus finally claims that he was denied due process because he was denied meaningful administrative review of his grievances regarding his medical treatment for his knee and his gang affiliation.

Mr. Broadus fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to allege clearly and concisely how each Defendant personally participated in the asserted constitutional violations.  Allegations of "personal participation in the specific constitutional violation complained of [are] essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Mr. Broadus's vague and conclusory

allegations that Defendants somehow are responsible for the alleged violations are not sufficient because he fails to specify what each Defendant did that allegedly violated his Eighth Amendment rights.  To the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation in the asserted violations.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").

For these reasons, Mr. Broadus will be ordered to file an amended complaint. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Mr. Broadus should name as Defendants only those persons he contends actually violated his federal constitutional rights.  For each claim he asserts in the amended complaint, Mr. Broadus "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Broadus file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Broadus shall obtain the court-approved Prisoner

4

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Broadus fails to file an amended complaint that complies with this order within the time allowed, the action or some of the claims and defendants will be dismissed without further notice.

DATED January 29, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge