IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00182-GPG

**JOHN MICHAEL BROADUS**,

    Plaintiff,

v.

**GRIEVANCE OFFICER ANTHONY A. DECESARO**;
**ASSOCIATE WARDEN CHAPDELAINE**;
**CHP**, Clinical Health Provider,
**LIEUTENANT GILES**;
**RAYMOND HIGGINS**;
**ROBERT KEISEL**;
**LIEUTENANT EVA LITTLE**;
**LIEUTENANT LUYANDO**;
**DENNY OWENS**;
**JAMIE SOUCIE**;
**LIEUTENANT SWINGLE**;
**SERGEANT THODE**;
**JAMEY VANMETER**;
**MAJOR KENNETH WILDENSTEIN**;
**CORRECTIONAL OFFICER WALKER**; and
**Jane Doe #1** (Nurse); **Jane Doe #2** (Nurse); **John Doe #1**; **John Doe #2**; **John Doe #3**; and **John Doe #4**,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE AND A MAGISTRATE JUDGE

Plaintiff, John Michael Broadus, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Broadus initiated this action by filing *pro se* pursuant to 42 U.S.C. § 1983 a Prisoner Complaint (ECF No. 1) and a MOTION and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 (ECF No. 3), which was granted by the Court

on January 29, 2015 (ECF No. 5).

On January 29, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 5) directing Mr. Broadus to file an amended Prisoner Complaint within thirty days to allege the personal participation of each named Defendant and to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On March 2, 2015, Mr. Broadus filed an amended Prisoner Complaint (ECF No. 6) in which he asks for money damages and declaratory and injunctive relief.

The Court must construe liberally the amended Prisoner Complaint because Mr. Broadus is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the amended Prisoner Complaint because Mr. Broadus is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Section 1915A(b) requires dismissal of the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss in part the amended Prisoner Complaint as legally frivolous pursuant to § 1915A(b).

Mr. Broadus asserts five claims, four of which assert cruel and unusual punishment under the Eighth Amendment, and the fifth, which asserts a violation of the First Amendment right of access to the courts.  He contends:  Defendants are

deliberately indifferent to his serious medical needs (claim one); Defendants are deliberately indifferent to hazardous conditions to which he is being exposed, including exposure to uranium and trihalomethane, and have failed to supply an adequate alternative drinking water supply (claim two); Defendants are deliberately indifferent to the danger he is in by being associated with a known gang and have promulgated dangerous policies for inmates to disassociate themselves from gangs, which have resulted in inmate deaths (claim three); Defendants were deliberately indifferent when they used mace on him and refused to allow him to decontaminate (claim four); and Defendants denied him access to courts by denying his grievances (claim five).

In support of his First Claim, Plaintiff alleges that on or about February 29, 2014, he injured his knee playing basketball. He was told to turn in a medical kite, which he did. On or about March 5, 2014, he attempted to declare a medical emergency pursuant to the administrative regulations 700-02 (IV)(A)(I) and (2) as he knee was bloated and disfigured and he was walking with a prominent limp. About an hour after the request, he was told to pack his belongings and that he would be moving cells from the bottom bunk to a top bunk. When he informed Defendant Luyando that he could not climb without causing further pain and injury and that he really needed to see medical, he was cuffed and taken to Segregation for refusing cell assignment.

Between the months of April 2014 and May 2014, he was finally seen by a medical physician (name unknown) who did an ex-ray but informed him that the procedure would only detect bone damage and not trauma or injury to any tendons, muscles, ligaments, or nerves. Later, he was told that a request for an MRI was denied by CHP. No MRI nor any attempt at diagnosing or treating the injury occurred, despite

3

the fact that swelling and discomfort persisted until October of 2014, when he was seen and examined by a physician who informed him that he may have a partially torn meniscus. He gave Plaintiff a bottom bunk restriction and a month prescription of Motrin. Plaintiff claims that he is living in a constant state of pain and discomfort and that his injured knee seems to be getting worse as a result of deterioration and medical neglect.

In support of his Second Claim that Defendants are deliberately indifferent, Mr. Broadus specifically alleges that on or about the month of August 2014, inmates at Sterling Correctional Facility were issued a memorandum on the drinking water and were advised that Uranium was found in Sterling's water supply. At the time of this water crisis, Plaintiff was in close custody and only afforded six hours a day outside of his cell. The alternative non-contaminated drinking water was located outside of the cells and there were many days in which Plaintiff was unable to obtain non-contaminated drinking water. Plaintiff was encouraged to drink the contaminated water in the sink by guards stating that it "was okay to drink." After drinking the contaminated water, Plaintiff complained of painful urination and found blood in his stool on two separate occasions. There are many more instances in which Plaintiff was denied access to non-contaminated drinking water as well as medical proof that Plaintiff was suffering from the very same symptoms linked with the warning of cancer and kidney toxicity.

In support of his Third Claim, Plaintiff alleges that he has been "flagged" as an "associate" to "The Crips," a Security Threat Group. When he told his case manager that he was not in any gang, he was referred to STG Intel, Lieutenant Eva Little to

"begin the inactive process" put in place for inmates wishing to disassociate from their gang. When Plaintiff stated that he would not engage in any scheme or agenda that required him to admit to something that was not true, Defendant Eva Little stated that the inactive process was the only solution if he didn't want to be flagged as a gang member. Plaintiff claims that this policy has resulted in inmate injury and death by inmate gang members. In addition, Plaintiff claims that policy requires inmates affiliated or associated as STG to only have cell mates of that same association. He claims that this has put him in danger of serious bodily injury from inmate CRIP members.

With respect to his Fourth Claim, Plaintiff alleges that on October 23, 2013, at approximately 2 p.m., two inmates were involved in a physical altercation with Correctional Officers in the office and hallway of Unit 4. During the altercation, Plaintiff and other black inmates were sprayed with mace. Plaintiff was taken to segregation where he complained that his eyes and skin burned and that he couldn't breathe. Plaintiff was never allowed to "decontaminte" and was unable to wash his face in his cell sink as it had no water pressure. Plaintiff was not allowed a shower until two days later despite procedures required for inmates sprayed with mace. Plaintiff claims that the skin around his eyes began to peel away and he developed scarring on his arms and neck as a result of not being able to wash the chemical agent from his flesh in a timely manner.

Plaintiff's first four claims raise Eighth Amendment concerns. The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

The Eighth Amendment is violated if prison officials act with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Mere negligence does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (deliberate indifference requires a higher degree of fault than negligence or even gross negligence).

Prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). A delay in medical care can constitute an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Although "not every twinge of pain suffered as a result of delay in medical care is actionable," a prisoner "sufficiently establishes the objective element of the deliberate indifference test" when the pain experienced during the delay is substantial. *Id*.

Plaintiff's first claim asserts that he was in substantial pain for over six months without any effective medical treatment and that when he first asserted his injury, he was moved from a bottom bunk to a top bunk. These allegations meet the standard for stating a claim for the denial of adequate medical treatment. Accordingly, Plaintiff's first claim will be will be drawn to a presiding judge and a magistrate judge.

Plaintiff's remaining Eighth Amendment claims also raise issues that do not

appear to be appropriate for summary dismissal.  In Claim Two, Plaintiff asserts that he was denied adequate water and that he suffered injury as a result from lack of water and as a result of being forced to drink contaminated water.  In Claim Three, he asserts that he is in serious danger of injury from DOC's association of him with the CRIPs gang and that he has no viable way to disassociate himself without further putting his life in danger.  In his Fourth Claim, he asserts that Defendants did not allow him to wash off mace in a timely manner, which led to pain and injury.  It must be remembered that at this stage, the Court is not called upon to determine whether Plaintiff will prevail upon his Eighth Amendment claims; instead, the proper inquiry is whether the allegations state a plausible claim for relief.  Because Plaintiff's allegations pass this threshold, his Second, Third and Fourth Claims are being drawn to a presiding judge and, if appropriate, to a magistrate judge.

In his Fifth and final claim, Mr. Broadus argues that Defendants' actions in denying his grievance requests somehow deprived him of access to the courts.  The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus.  *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).  An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 349-353 (1995).  "The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than protecting the ability of an inmate to prepare a petition or a complaint.'"  *See Love v. Summit County*,

776 F.2d 908, 914 (10th Cir. 1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Defendants' actions in denying his grievances in no way impacted his ability to bring the present action in which he is seeking redress for his alleged wrongs. As such, Mr. Broadus fails to assert any facts to support a claim of denial of access to the courts. Therefore, Claim Five will be dismissed as legally frivolous.

Accordingly, it is

**ORDERED** that Claims One, Two, Three and Four and this case be drawn to a presiding judge and, if appropriate, to a magistrate judge. It is

**FURTHER ORDERED** that Claim Five is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).

DATED at Denver, Colorado, this  7th  day of    April   , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court