IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0182-WJM-KLM

JOHN MICHAEL BROADUS

    Plaintiff,

v.

CHAPDELAIN, Associate Warden,
CHP, Clinical Health Provider,
GILES, Lieutenant,
EVA LITTLE, Lieutenant,
LUYANDO, Lieutenant,
THODE, Sergeant,

    Defendants.

---

## ORDER REQUIRING FURTHER BRIEFING FROM PLAINTIFF

---

Before the Court is the Motion for Summary Judgment from Defendant Correctional Health Partners, Inc. ("CHP") (ECF No. 114) and the CDOC Defendants' Motion for Summary Judgment (ECF No. 118). The Court requires limited further briefing from Plaintiff, in part because the Court determines that Plaintiff should receive an opportunity to file a surreply as to certain of Defendants' arguments, and in part due to Article III jurisdictional concerns.

**A.    Claim 1 (Knee Injury)**

    1.    <u>As to Defendant CHP</u>

CHP attaches to its reply brief, and discloses for the first time, the "Milliman Care Guidelines." Whether Plaintiff should be deemed on notice of these guidelines earlier (because Dr. Krebs identified them in discovery responses and deposition testimony) or

whether CHP should be faulted for disclosing them only now (because these guidelines are the sort of thing that CHP should have disclosed under Fed. R. Civ. P. 26(a)(1)(A)(ii)), the Court finds it in the interest of justice—and in particular, in the interest of resolving cases on their merits—to accept the Milliman Care Guidelines as a part of the record.

In fairness, then, Plaintiff must have an opportunity to file a surreply limited to the question of whether, in light of the Milliman Care Guidelines, Plaintiff's theory of liability against CHP is essentially a question of competing medical judgment over the appropriate standard of care.

### 2. As to Defendant Luyando

Defendant Luyando asserts for the first time in his reply brief a causation argument, *i.e.*, that Plaintiff cannot show that his knee condition would have been any different had Luyando agreed to declare a medical emergency, or had not assigned him to an upper bunk. (ECF No. 154 at 13–14.) The Court could deem this argument waived, but finds it in the interest of justice to instead permit Plaintiff to file a surreply limited to the question of whether he has evidence from which a jury could infer that Luyando's alleged unconstitutional behavior led to injury or pain that Plaintiff would not have otherwise experienced.

## B. Claim 3 (STG Status)

The Court has a basic concern about Article III jurisdiction as to Defendant Little, particularly the "redressability" requirement. The Court therefore requires further briefing on the following matters:

- What remedy is Plaintiff seeking against Defendant Little in her personal

2

capacity?

- Assuming Plaintiff is seeking at least an injunction—

    o   Does Defendant Little currently hold authority within CDOC to remove an inmate's STG designation?

    o   By what process could Defendant Little remove Plaintiff's STG designation without exposing him to the risks he fears from the AR 1150-02RD process, particularly given that it is already known among Crips at Sterling Correctional Facility that Broadus is attempting to have his STG designation removed?  (*See* ECF No. 127-1 ¶ 56.)

* * *

Accordingly, Plaintiff is ORDERED to file a surreply addressing the foregoing questions on or before **February 5, 2018**.  Plaintiff's surreply shall not exceed 12 pages, calculated according to WJM Revised Practice Standard III.C.1.

Dated this 18th day of January, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge