IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0182-WJM-KLM

JOHN MICHAEL BROADUS

 Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS, INC.,

 Defendant.

## ORDER DENYING DEFENDANT CHP'S MOTION FOR COSTS

Before the Court is Defendant Correctional Health Partners, Inc.'s ("CHP") Motion for Award of Costs (the "Motion") seeking costs as the prevailing party under Federal Rule of Civil Procedure 54(d). (ECF No. 216.) Plaintiff John Michael Broadus ("Plaintiff") opposes the Motion on the grounds that it is procedurally improper and deficient, and because costs are not warranted. (ECF No. 217.) For the reasons discussed below, the Court denies the Motion.

### I. BACKGROUND

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), alleged various violations of his constitutional rights by CHP as well as various CDOC employees and officials ("CDOC Defendants"). CDOC contracts with CHP to "review and provide prior authorization for medical care to be provided to CDOC inmates outside the internal CDOC medical system." (ECF No. 114 at 2, ¶ 1.)

In June 2017, CHP moved for summary judgment in its favor. (ECF No. 114.)

After briefing was complete, the Court ordered Plaintiff to submit a surreply to address a document which CHP disclosed for the first time as an attachment to its reply brief. (ECF No. 156 at 1–2.) The Court subsequently granted CHP's Motion for Summary Judgment in February 2018. (ECF No. 162.)

On July 3, 2018, following the resolution of Plaintiff's remaining claims against the CDOC Defendants, the Court issued an order directing final judgment in favor of CHP. (ECF No. 211.) While the order granting summary judgment as to CHP was silent on costs, the July 3, 2018 order directed Plaintiff and CHP to bear their own costs. (ECF Nos. 162 & 211.)

## II. DISCUSSION

Rule 54(d)(1) and D.C.COLO.LCiv R 54.1 govern the taxation of costs other than attorney's fees. "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). The burden is on the non-prevailing party to offer reasons to overcome the presumption in favor of the prevailing party. *Id.*; *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

### A. Procedural Issues

As a preliminary matter, the Court notes the parties' disagreement about the proper procedure for challenging the Court's prior order directing the parties to bear their own costs. (*See* ECF No. 211.) Plaintiff contends that CHP was obligated to file both a motion for reconsideration instead of a motion for costs and, within fourteen days of entry of the judgment, a bill of costs pursuant to D.C.Colo.LCiv.R. 54.1. (ECF

No. 218 at 2–3.)  Indeed, litigants before the undersigned previously followed that procedure when contesting a denial of costs.  *Chimney Rock Pub. Power Dist. v. Tri-State Generation & Transmission Ass'n, Inc.*, 2014 WL 2619532, at *2, 2014 U.S. Dist. LEXIS 80021, at *4–5 (D. Colo. June 12, 2014).  CHP argues that Rule 54, not a motion for reconsideration under Rule 59 or otherwise, is the appropriate vehicle for seeking costs in this circumstance.  (ECF No. 220 at 1–2.)  It also contends that, where the availability of costs is disputed, it is proper to file a motion for costs prior to submitting a bill of costs.  (*Id.* at 2.)  *See Grady v. Garcia*, 2012 U.S. Dist. LEXIS 74383, at *1 (D. Colo. May 30, 2012); *Holderbaum v. United States*, 589 F. Supp. 107, 113 (D. Colo. 1984).

The Court need not resolve these procedural disputes.  Even under the standard most favorable to CHP and least advantageous to Plaintiff—Rule 54's standard that a non-prevailing party must offer reasons rebutting the presumption in favor of awarding costs to the prevailing party—the Court agrees with Plaintiff that costs should not be awarded in this case because the litigation presented "close and difficult" issues and Plaintiff has limited financial means.  *See Rodriguez*, 360 F.3d at 1190; *Cantrell*, 69 F.3d at 459.

B.     **Award of Costs**

When a district court exercises its discretion not to award costs to a prevailing party, it must provide a valid reason.  *Cantrell*, 69 F.3d at 459.  A court may deny costs to a prevailing party when the party was only partially successful; the prevailing party was obstructive or acted in bad faith during the course of the litigation; damages are

only nominal; the issues are "close and difficult"; or the costs sought are unreasonably high or unnecessary. *Id.*

Two other factors may also play a role in a decision to deny costs. The indigence of a non-prevailing party may be a factor in denying costs, but is not necessarily dispositive. *Jorgensen v. Montgomery*, 2009 WL 1537958, at *1 (D. Colo. May 31, 2009); *Basanti v. Metcalf*, 2016 WL 879616, at *2 (D. Colo. Mar. 8, 2016) (finding that the court was within its discretion to deny an award of costs where plaintiff established her indigence); *see also Rodriguez*, 360 F.3d at 1190 ("Other circuits have recognized that the indigent status of the non-prevailing party and the presentation of issues that are close and difficult are both circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party." (internal quotation marks omitted)). In addition, one decision from this District has stated that "whether the court has specifically authorized or requested that *pro bono* counsel consider representing the non-prevailing indigent litigant . . . should be added to the list of discretionary considerations." *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 780 (D. Colo. 2017).

The Court acknowledges that it did not provide a reason for ordering the parties to bear their own costs, and thus it is "proper for the district court to rectify that omission by responding to [CHP's] post-judgment motion for costs." *Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659 (10th Cir. 2013). Upon review of the Motion, the Court finds that an award of costs to the prevailing party is not appropriate in this case, and it will deny the Motion for the reasons explained below.

4

1. *"Close and Difficult" Issues*

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Basanti*, 2016 WL 879616, at *2 (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)). This case presented the somewhat novel issue of whether the policy of a private entity—under contract with the state to fulfill a state function—may be fairly said to inflict a constitutional injury where the policy allegedly conflicts with the medical standard of care. (ECF No. 162 at 10–11.) Plaintiff relied on the testimony of an expert to suggest that CHP's policy, which required multiple factors before granting an MRI, was at odds with the medical standard of care, that is, ordering an MRI for a patient with a positive McMurray test. (*Id.* at 11.) The Court ordered further briefing from Plaintiff on the treatment guidelines belatedly disclosed by CHP as an attachment to its reply brief in support of summary judgment. (ECF No. 156.)

While the Court ultimately granted summary judgment in favor of CHP, it only did so after deciding the close questions of law of whether Plaintiff's claim against CHP amounted to more than medical negligence, such that it could be the basis of Eighth Amendment liability, and whether medical negligence pursuant to an entity's policy supports an Eighth Amendment claim. (ECF No. 162.) The Court finds that by any objectively reasonable standard the issues pertaining to CHP in this case were indeed quite "close and difficult". It is therefore within the Court's discretion to deny an award of costs on this ground alone. *See Basanti*, 2016 WL 879616, at *2.

### 2. *Plaintiff's Financial Means* & Pro Bono *Counsel*

Moreover, the Court finds that Plaintiff has presented sufficient information from which to determine that Plaintiff is indigent. At the outset of this case, the Court granted Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 3 & 4.) The Court subsequently granted Plaintiff's motion to appoint *pro bono* counsel. (ECF Nos. 47 & 52.) Counsel at Wilmer Culter Pickering Hale and Dorr LLP accepted appointment as Plaintiff's *pro bono* counsel, entered their appearances, and represented Plaintiff throughout the litigation. (ECF Nos. 66, 76–79.)

In response to CHP's Motion, Plaintiff submitted an affidavit that confirms his limited financial ability. (ECF No. 218-1.) He is currently employed as a trash porter at CDOC's Sterling Correctional Facility, paid $0.85 per day, and has no other income or physical assets. (*Id.* at 1.) Plaintiff received a settlement from CDOC Defendants to resolve his claims in this case, a portion of which was withheld to pay restitution, leaving Plaintiff with $13,938.88. (*Id.*) Plaintiff will become eligible for parole on August 8, 2020, and intends to use the proceeds from his settlement to pay costs of living while seeking employment after his release from CDOC custody. (*Id.* at 2.)

While CHP contends that the settlement amount makes Plaintiff ineligible for *in forma pauperis* status and capable of paying CHP's costs, the Court has made no such determination.[1] (*See* ECF No. 220 at 3–4.) Moreover, Plaintiff's affidavit states that he

---

[1] The Court cannot evaluate CHP's claim Plaintiff is "fully capable of paying CHP's costs" with the remaining settlement funds because there is no indication in the record as to the total amount of CHP's costs. Even in one of the cases cited by CHP in which the court bifurcated the decisions on entitlement to costs and the actual award of costs, the prevailing party submitted at least an indication of the total amount of costs that it would seek. *See Grady v. Garcia*, No. 10-cv-347 (D. Colo., filed Apr. 10, 2012), ECF No. 107 at 2 (stating that if the

has no meaningful opportunity for significant income while incarcerated. (ECF No. 218-1 at 2.) Under the circumstances, the Court finds that, even after receipt of his settlement proceeds, given the fact that Plaintiff remains in custody and will be heavily dependent on this comparatively modest sum for basic living needs for some period of time after his release, Plaintiff remains of limited financial means, and that his *in forma pauperis* status has not changed. *See Doyle v. Denver Dep't of Human Servs.*, 2012 WL 652673, at *4 (D. Colo. Feb. 29, 2012).

In sum, Plaintiff's indigence, coupled with the Court's authorization for appointment of *pro bono* counsel on his behalf, provide additional support to overcome the presumption that costs be awarded to CHP. *See Basanti*, 2016 WL 879616, at *2; *Shapiro*, 250 F. Supp. 3d at 780. The Court will therefore exercise its discretion and deny an award of costs on the dual grounds that the legal issues joined in this litigation were "close and difficult," as well as the fact that Plaintiff remains indigent. *See Cantrell*, 69 F.3d at 459.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES CHP's Motion for Costs (ECF No. 216).

---

court granted the motion for costs, defendants would seek costs in the amount of $268.40).

Dated this 22nd day of February, 2019.

BY THE COURT:

William J. Martinez
United States District Judge